DEPARTMENT OF THE CORPORATION COUNSEL

DANA M.O. VIOLA        6095
Corporation Counsel

DANIEL M. GLUCK        7959
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawai'i  96813
Telephone:  (808) 768-5233
Facsimile:   (808) 768-5105
E-Mail:       daniel.gluck@honolulu.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JASON WOLFORD; ALISON WOLFORD; ATOM KASPRZYCKI; HAWAII FIREARMS COALITION,<br><br>                Plaintiffs,<br><br>       vs.<br><br>ANNE E. LOPEZ, IN HER OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE STATE OF HAWAII,<br><br>                Defendant. | CIVIL NO. CV 23-00265 LEK-WRP<br><br>BRIEF OF *AMICUS CURIAE* CITY AND COUNTY OF HONOLULU IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 7)<br><br><u>Hearing</u> (on TRO):<br>Date:      July 28, 2023<br>Time:     10:30 a.m.<br>Judge:    Hon. Leslie E. Kobayashi<br><br>Trial Date:  None. |

**BRIEF OF *AMICUS CURIAE* CITY AND COUNTY OF HONOLULU IN OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 7)**

## **STATEMENT OF INTEREST**

The City and County of Honolulu ("City") is the most populous and most densely populated county in the State of Hawai'i. State-wide public safety policies such as Act 52 of 2023 have significant impacts on the residents of and visitors to the island of O'ahu.

The City has a particularly strong interest in upholding Hawai'i Revised Statutes ("HRS") §§ 134-A and 134-E because the State's and the City's policy choices regarding "sensitive places" are aligned: as discussed in more detail below, the City recently enacted a sensitive places ordinance (Ordinance 23-6, Revised Ordinances of Honolulu ("ROH") § 41-31.1 *et seq*.) containing provisions similar to HRS §§ 134-A and 134-E. Like HRS § 134-A, Ordinance 23-6 contains a list of sensitive places where the carrying of firearms is generally prohibited, and like HRS § 134-E, Ordinance 23-6 contains a default rule for private property. *See* ROH § 41-31.4. As such, this Court's rulings as to HRS §§ 134-A and 134-E will necessarily affect the City's policy decisions as well.

Counsel for Plaintiffs and Defendant have consented to the filing of this *amicus* brief. The City's understanding is that the Court does not need potential *amici* to file motions with prospective briefs; however, upon request, the City can file a motion requesting leave to appear as *amicus*.

I.   **INTRODUCTION**

*Amicus* City and County of Honolulu ("City") opposes Plaintiffs' Motion for Temporary Restraining Order.

Plaintiffs believe that they are entitled to have a gun at City playgrounds. They believe they are entitled to carry a gun around the thousands of children participating in Summer Fun programs at City parks. They believe they are entitled to bring guns onto others' private property without the owners' permission. Plaintiffs are wrong.

The City recently enacted a "sensitive places" law – Ordinance 23-6, effective May 1, 2023 and codified at Revised Ordinances of Honolulu ("ROH") § 41-31.1 *et seq.* – with provisions that are quite similar to Hawaiʻi Revised Statutes ("HRS") §§ 134-A and 134-E. *See* ROH § 41-31.4. Ordinance 23-6, like HRS §§ 134-A and 134-E, is constitutional. As such, the City has a particularly strong interest in upholding the provisions of HRS §§ 134-A and 134-E.

II.   **LEGISLATIVE HISTORY AND TESTIMONY ON CITY'S SENSITIVE PLACES ORDINANCE**

Ordinance 23-6, entitled "Relating to the Public Carry of Firearms," was passed by the City Council (as Bill 57) on March 15, 2023.[1] Honolulu Mayor Rick

---

[1] https://bit.ly/Ord-23-6-leg-history.

Blangiardi signed the bill into law on March 31, 2023, and the law went into effect on May 1, 2023.[2]  Ordinance 23-6 has not been challenged in any court.

The Council's express intent in promulgating the default rule was to "ease public confusion and avoid individual confrontations, while facilitating private decision-making by businesses and charitable establishments."  Ordinance 23-6.  The testimony received by the Council made clear that the majority of private businesses and charitable organizations intend to prohibit firearms on their properties:  the Chamber of Commerce Hawaii (representing approximately 2,000 businesses), the Hawai'i Restaurant Association (representing approximately 4,000 eating and drinking establishments), the Retail Merchants of Hawaii, the O'ahu Visitors Bureau, and the Hawai'i Lodging and Tourism Association all supported a default rule prohibiting firearms.[3]  This testimony is consistent with polling – conducted in February 2023 and released on March 3, 2023 (while the City

---

[2] The legislative history of Ordinance 23-6, including all written testimony and all prior versions of the measure, is available at https://bit.ly/Ord-23-6-leg-history.  The signed version of Ordinance 23-6, as enacted, is available at https://bit.ly/Ord-23-6-enacted.

[3] Testimony submitted to the Council for its March 15, 2023 meeting, available at https://bit.ly/3-15-23-Council, p. 24 (Chamber of Commerce), 50 (Retail Merchants).  Testimony submitted to the Council for its Feb. 22, 2023 meeting, available at https://bit.ly/2-22-23-Council, p. 83 (Retail Merchants), 123 (Hawai'i Lodging and Tourism Association), 128 (O'ahu Visitors Bureau), 131 (Restaurant Association).  Please note that the 'okina has been omitted in the names of organizations that appear not to use the diacritical mark.

Council was debating Bill 57) – showing that 78% of Hawaiʻi residents support prohibitions on carrying firearms in businesses open to the public. Ward Research Inc., "Public Opinion of Gun Safety Laws" (February 2023) at 11.[4] Polling showed even higher support – 91% – for restrictions on bars or places alcohol is served. *Id.*

Notably, the Council amended the default rule for private businesses and charitable organizations to include signage requirements – a requirement not included in the initial draft of Bill 57 – after advocates supporting *and opposing* Bill 57 testified that clear signage would be helpful in implementing any firearm-related legislation. *See* Ord. 23-6, ROH § 41-31.5. Specifically, testifiers on both sides of the issue argued that businesses and charitable organizations should be required to post signs when deviating from the default (though they differed in whether the default should be to allow or prohibit firearms).[5] Among others

---

[4] Available at https://www.everytown.org/documents/2023/02/public-opinion-of-gun-safety-laws-online-survey-of-hawaii-residents.pdf/. This study was released on March 3, 2023. *See* Everytown for Gun Safety, "NEW POLL: Vast Majority of Hawaiʻi Residents Support Sensible Gun Safety Laws" (March 3, 2023), available at https://www.everytown.org/press/new-poll-vast-majority-of-hawaii-residents-support-sensible-gun-safety-laws/.

[5] Several gun-rights supporters argued that the City should require signage to *prohibit* firearms, including the following:

- Nov. 29, 2022 (Council), https://bit.ly/11-29-22-Council-1, pp. 9, 20; https://bit.ly/11-29-22-Council-2, p. 110.

testifiers, Andrew Namiki Roberts – Director of the Hawaii Firearms Coalition, a Plaintiff in the instant case – testified that businesses should be required to post signs if they wished to prohibit firearms:

> We further agree that Private businesses may prohibit the carrying of a firearm on their property BUT that they must post a conspicuous sign on EVERY entrance and exit meeting the following standards:
> Be at least 10 inches wide and 10 inches tall.
> Have a yellow background.
> Be located at least 24 inches from the ground.
> Contain a pictogram that shows a firearm within a red circle and a diagonal red line across the firearm.
> Contain the wording "no firearms allowed" in black letters at least 1 inch in height[.]
>
> These standards are to ensure that an otherwise law-abiding citizen does not accidentally break the law because of a sign that is too small or hidden.

Executive Matters and Legal Affairs ("EMLA") Committee Testimony, Feb. 28, 2023,[6] p. 60.

---

- Feb. 22, 2023 (Council), https://bit.ly/2-22-23-Council, p. 40.

- Feb. 28, 2023 (EMLA), https://bit.ly/2-28-23-EMLA, p. 45.

There was also testimony that the City should require signage to allow firearms (*i.e.*, in support of the position taken in Ordinance 23-6). *See, e.g.*, Feb. 28, 2023 (EMLA Committee), available at https://bit.ly/2-28-23-EMLA, pages 112, 119, 134, 138.

[6] Available at https://bit.ly/2-28-23-EMLA. Plaintiffs argue in their moving papers that HRS § 134-E violates the First Amendment by compelling speech. However, Plaintiff Hawaii Firearms Coalition advocated for a provision *requiring signs* by businesses, creating the same compelled speech "problem" they now challenge.

5

In considering whether to set a default rule prohibiting firearms or a default rule allowing firearms, the Council was well aware that a default rule allowing firearms – that is, mandating a sign to prohibit firearms – would have required action for orders of magnitude more businesses and charitable organizations. As the Hawaiʻi Restaurant Association testified, "If putting up signs at restaurants will be required after this bill is passed, please consider with only a few dozen permit holders compared to nearly 10 million annual visitors, it would be a challenge to ask over 4,000 restaurant locations to put up signs voluntarily for this measure."[7]

Further, Plaintiff Hawaii Firearms Coalition – which advocated for a default rule allowing firearms (absent signage to the contrary) – acknowledged another potential problem with its own proposed rule: individuals carrying firearms would be at risk of "inadvertent" violations of the laws. Hawaii Firearms Coalition testified, "These standards are to ensure that an otherwise law-abiding citizen does not accidentally break the law because of a sign that is too small or hidden." EMLA Committee Testimony, Feb. 28, 2023,[8] p. 60; *see also* Council Testimony, Nov. 29, 2022[9] at 116 (same statement by Hawaii Firearms Coalition). The City

---

[7] Testimony submitted to the City Council for its February 22, 2023 meeting, available at https://bit.ly/2-22-23-Council, page 131.

[8] Available at https://bit.ly/2-28-23-EMLA.

[9] Available at https://bit.ly/11-29-22-Council-2.

6

agrees that licensees should not be at risk of breaking the law inadvertently. To that end, the default rule in Ordinance 23-6 (ROH § 41-31.4(a)(2)) – similar to the default rule in HRS § 134-E – eliminates the possibility of an accidental violation, because licensees will know that they cannot enter a private business or charitable organization without express consent. There is no risk that a licensee who overlooks a sign (or who enters a business whose sign has faded or fallen) will mistakenly enter private property where firearms are prohibited. A private business's consent to allow firearms will always be clear, such that licensees cannot violate this default rule by mistake.

## III.  CONCLUSION

The City opposes Plaintiffs' motion as to each and every challenged provision. Among other things, the City opposes Plaintiffs' motion as to parks and beaches, inasmuch as the City's parks are consistently hosting children's programs, educational programs, and First Amendment activities; the City also has a strong interest in ensuring safe workplaces for its many employees and contractors who work at City parks. The City similarly opposes Plaintiffs' motion as to government buildings and parking lots: again, the City has a strong interest in ensuring a safe workplace for its employees and contractors, and government facilities have already been identified as "sensitive places" by the U.S. Supreme Court. The City further opposes Plaintiffs' motion as to the private property

default rule in HRS § 134-E:  based on the testimony received by the City Council on Ordinance 23-6, as well as polling data, the overwhelming majority of private businesses on Oʻahu intend to prohibit firearms on their properties.  The default rule was designed to facilitate communications between private parties; HRS § 134-E does not impede the carriage of firearms on any private property where permitted by the property owner.

In sum, the City and County of Honolulu respectfully requests that Plaintiffs' motion be denied.

DATED:  Honolulu, Hawaiʻi, July 14, 2023.

                        DANA M.O. VIOLA
                        Corporation Counsel


                By: /s/ Daniel M. Gluck
                    DANIEL M. GLUCK
                    Deputy Corporation Counsel
                    Attorney for *Amicus Curiae*
                    City and County of Honolulu