

GOV. MSG. NO. 1152

EXECUTIVE CHAMBERS
KE KEʻENA O KE KIAʻĀINA

JOSH GREEN, M.D.
GOVERNOR
KE KIAʻĀINA

June 2, 2023

The Honorable Ronald D. Kouchi
President of the Senate,
   and Members of the Senate
Thirty-Second State Legislature
State Capitol, Room 409
Honolulu, Hawaiʻi 96813

The Honorable Scott K. Saiki
Speaker, and Members of the
   House of Representatives
Thirty-Second State Legislature
State Capitol, Room 431
Honolulu, Hawaiʻi 96813

Dear President Kouchi, Speaker Saiki, and Members of the Legislature:

This is to inform you that on June 2, 2023, the following bill was signed into law:

SB1230 SD2 HD1 CD1          RELATING TO FIREARMS.
                            **ACT 052**

Sincerely,

Josh Green

Josh Green, M.D.
Governor, State of Hawaiʻi

EXHIBIT 1 (McLean)

Approved by the Governor

on _____ JUN 2 2023 _____

**ACT 052**

THE SENATE
THIRTY-SECOND LEGISLATURE, 2023
STATE OF HAWAII

S.B. NO.
1230
S.D. 2
H.D. 1
C.D. 1

# A BILL FOR AN ACT

RELATING TO FIREARMS.

**BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF HAWAII:**

1  SECTION 1.  The legislature finds that there are compelling

2  interests in protecting public health, safety, and welfare from

3  the serious hazards associated with firearms and gun violence.

4  Although the United States Supreme Court has held that the

5  Second Amendment provides for an individual right to keep and

6  bear arms for lawful purposes, the Second Amendment is not "a

7  regulatory straightjacket".  *New York State Rifle & Pistol*

8  *Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111, 2133 (2022).  States

9  retain authority to enact "a 'variety' of gun regulations", *id.*

10  at 2162 (Kavanaugh, J., concurring), such as prohibitions

11  against the carrying of firearms in sensitive locations and laws

12  and regulations designed to ensure that those who carry firearms

13  are "'law-abiding, responsible citizens'", *id.* at 2131, 2156

14  (internal citation omitted).

15  The purpose of this Act is to clarify, revise, and update

16  Hawaii's firearms laws to mitigate the serious hazards to public

17  health, safety, and welfare associated with firearms and gun

18  violence, while respecting and protecting the lawful exercise of

2023-2744 SB1230 CD1 SMA-2.docx                                    1

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1   individual rights.  To accomplish this purpose, this Act amends

2   and enacts requirements and processes for obtaining a license to

3   carry a firearm, updates criteria governing when firearm

4   ownership, possession, or control is prohibited, defines

5   locations and premises within the State where carrying or

6   possessing a firearm is prohibited, prohibits leaving an

7   unsecured firearm in a vehicle unattended, and enacts, amends,

8   and clarifies other provisions relating to firearms.

9       In prohibiting carrying or possessing firearms in certain

10  locations and premises within the State, this Act is intended to

11  protect areas in which carrying or possessing dangerous weapons

12  has traditionally been restricted, such as schools and other

13  places frequented by children, government buildings, polling

14  places, and other analogous locations.

15      This Act also respects the right of private individuals and

16  entities to choose for themselves whether to allow or restrict

17  the carrying of firearms on their property by providing that

18  firearms shall not be carried on private property of another

19  person without the express authorization of the owner, lessee,

20  operator, or manager of the property.  Recognizing the risks to

21  public health, safety, and welfare associated with firearms and

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1  gun violence, and based on the legislature's assessment of

2  public sentiment and broadly shared preferences within the

3  State, this Act establishes a default rule with respect to

4  carrying firearms on private property of another person that

5  provides for private entities to "opt-in" to authorize the

6  public carry of firearms on their property.

7      This Act also adjusts certain regulatory fees relating to

8  firearms.  These adjustments are warranted because prior fee

9  amounts were established by statute decades ago and have not

10 been adjusted to reflect inflation and increased costs

11 associated with background checks and investigations.

12     SECTION 2.  Chapter 134, Hawaii Revised Statutes, is

13 amended by adding seven new sections to part I to be

14 appropriately designated and to read as follows:

15     "**§134-A  Carrying or possessing a firearm in certain**

16 **locations and premises prohibited; penalty.**  (a)  A person with

17 a license issued under section 134-9, or authorized to carry a

18 firearm in accordance with title 18 United States Code section

19 926B or 926C, shall not intentionally, knowingly, or recklessly

20 carry or possess a loaded or unloaded firearm, whether the

21 firearm is operable or not, and whether the firearm is concealed

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1  or unconcealed, while in any of the following locations and

2  premises within the State:

3      (1)  Any building or office owned, leased, or used by the

4          State or a county, and adjacent grounds and parking

5          areas, including any portion of a building or office

6          used for court proceedings, legislative business,

7          contested case hearings, agency rulemaking, or other

8          activities of state or county government;

9      (2)  Any public or private hospital, mental health

10         facility, nursing home, clinic, medical office, urgent

11         care facility, or other place at which medical or

12         health services are customarily provided, including

13         adjacent parking areas;

14      (3)  Any adult or juvenile detention or correctional

15         facility, prison, or jail, including adjacent parking

16         areas;

17      (4)  Any bar or restaurant serving alcohol or intoxicating

18         liquor as defined in section 281-1 for consumption on

19         the premises, including adjacent parking areas;

20      (5)  Any stadium, movie theater, or concert hall, or any

21         place at which a professional, collegiate, high

**S.B. NO.** 1230
S.D. 2
H.D. 1
C.D. 1

1     school, amateur, or student sporting event is being

2     held, including adjacent parking areas;

3  (6)  All public library property, including buildings,

4     facilities, meeting rooms, spaces used for community

5     programming, adjacent grounds, and parking areas;

6  (7)  The campus or premises of any public or private

7     community college, college, or university, and

8     adjacent parking areas, including buildings,

9     classrooms, laboratories, research facilities,

10    artistic venues, and athletic fields or venues;

11 (8)  The campus or premises of any public school, charter

12    school, private school, preschool, summer camp, or

13    child care facility as defined in section 346-151,

14    including adjacent parking areas, but not including:

15    (A)  A private residence at which education is

16        provided for children who are all related to one

17        another by blood, marriage, or adoption; or

18    (B)  A dwelling when not used as a child care

19        facility;

20 (9)  Any beach, playground, park, or adjacent parking area,

21    including any state park, state monument, county park,

**S.B. NO.** 1230
S.D. 2
H.D. 1
C.D. 1

1        tennis court, golf course, swimming pool, or other

2        recreation area or facility under control,

3        maintenance, and management of the State or a county,

4        but not including an authorized target range or

5        shooting complex;

6  (10)  Any shelter, residential, or programmatic facility or

7        adjacent parking area operated by a government entity

8        or charitable organization serving unhoused persons,

9        victims of domestic violence, or children, including

10       children involved in the juvenile justice system;

11  (11)  Any voter service center as defined in section 11-1 or

12       other polling place, including adjacent parking areas;

13  (12)  The premises of any bank or financial institution as

14       defined in section 211D-1, including adjacent parking

15       areas;

16  (13)  Any place, facility, or vehicle used for public

17       transportation or public transit, and adjacent parking

18       areas, including buses, paratransit vans, bus shelters

19       and terminals (but not including bus stops located on

20       public sidewalks), trains, rail stations, and

21       airports;

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1  (14) Any amusement park, aquarium, carnival, circus, fair,

2      museum, water park, or zoo, including adjacent parking

3      areas; or

4  (15) Any public gathering, public assembly, or special

5      event conducted on property open to the public,

6      including any demonstration, march, rally, vigil,

7      protest, picketing, or other public assembly, for

8      which a permit is obtained from the federal

9      government, the State, or a county, and the sidewalk

10     or street immediately adjacent to the public

11     gathering, public assembly, or special event; provided

12     that there are signs clearly and conspicuously posted

13     at visible places along the perimeter of the public

14     gathering, public assembly, or special event.

15  (b) This section shall not apply to a person in an exempt

16  category identified in section 134-11(a). It shall be an

17  affirmative defense to any prosecution under this section that a

18  person is:

19  (1) Carrying or possessing an unloaded firearm in a police

20      station in accordance with section 134-23(a)(6), 134-

21      24(a)(6), or 134-25(a)(6);

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    (2)  Carrying or possessing an unloaded firearm at an

2         organized, scheduled firearms show or exhibit;

3    (3)  Lawfully carrying or possessing a firearm for hunting

4         in compliance with section 134-5;

5    (4)  A private security officer expressly authorized to

6         carry or possess a weapon in a location or premises

7         listed in subsection (a) by the owner, lessee,

8         operator, or manager of the location or premises;

9         provided that the private security officer is acting

10        within the private security officer's scope of

11        employment;

12   (5)  Carrying or possessing an unloaded firearm in a

13        courthouse for evidentiary purposes with the prior

14        express authorization of the court;

15   (6)  Lawfully present within the person's own home, other

16        than a college or university dormitory or shelter or

17        residential facility serving unhoused persons or

18        victims of domestic violence;

19   (7)  Carrying a firearm pursuant to a license issued under

20        section 134-9 or in accordance with title 18 United

21        States Code section 926B or 926C in the immediate area

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1          surrounding the person's vehicle within a parking area

2          for the limited purpose of storing or retrieving the

3          firearm;

4     (8)  Possessing a firearm in an airport or any place,

5          facility, or vehicle used for public transportation or

6          public transit; provided that the firearm is unloaded

7          and in a locked hard-sided container for the purpose

8          of transporting the firearm;

9     (9)  Walking through a public gathering, public assembly,

10         or special event if necessary to access the person's

11         residence, place of business, or vehicle; provided

12         that the person does not loiter or remain longer than

13         necessary to complete their travel or business; or

14    (10) Carrying a concealed firearm in accordance with title

15         18 United States Code section 926B or 926C in a

16         location or premises within the State that is not a

17         State or county property, installation, building,

18         base, or park, and not a location or premises where a

19         private person or entity has prohibited or restricted

20         the possession of concealed firearms on their

21         property.

**S.B. NO.** 1230
S.D. 2
H.D. 1
C.D. 1

1    (c)   The presence of a person in any location or premises

2    listed in subsection (a) shall be prima facie evidence that the

3    person knew it was a location or premises listed in subsection

4    (a).

5    (d)   Where only a portion of a building or office is owned,

6    leased, or used by the State or a county, this section shall not

7    apply to the portion of the building or office that is not

8    owned, leased, or used by the State or a county, unless carrying

9    or possessing a firearm within that portion is otherwise

10   prohibited by this section.

11   (e)   As used in this section, "private security officer"

12   means any person employed and duly licensed to engage in the

13   private detective or guard business pursuant to chapter 463.

14   (f)   Any person who violates this section shall be guilty

15   of a misdemeanor.

16   (g)   If any ordinance of any county of the State

17   establishing locations where the carrying of firearms is

18   prohibited is inconsistent with this section or with section

19   134-E, the ordinance shall be void to the extent of the

20   inconsistency.

**S.B. NO.** 1230
S.D. 2
H.D. 1
C.D. 1

1    §134-B   Duty to maintain possession of license while

2    carrying a firearm; duty to disclose; penalty.   (a)   A person

3    carrying a firearm pursuant to a license issued under section

4    134-9 or in accordance with title 18 United States Code section

5    926B or 926C shall have in the person's immediate possession:

6          (1)   The license issued under section 134-9 or

7                documentation regarding the person's qualifications

8                under title 18 United States Code section 926B or

9                926C;

10         (2)   Government-issued photo identification; and

11         (3)   Except with respect to firearms that are a part of the

12               official equipment of any federal agency as provided

13               under section 134-11(b), documentary evidence that the

14               firearm being carried is registered under this

15               chapter,

16   and shall, upon request from a law enforcement officer, present

17   government-issued photo identification and the license or

18   credentials and evidence of registration.

19         (b)   When a person carrying a firearm, including a person

20   carrying a firearm pursuant to a license issued under section

21   134-9 or in accordance with title 18 United States Code section

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1   926B or 926C, is stopped by a law enforcement officer or is a

2   driver or passenger in a vehicle stopped by a law enforcement

3   officer, the person carrying a firearm shall immediately

4   disclose to the law enforcement officer that the person is

5   carrying a firearm, and shall, upon request:

6       (1)   Identify the specific location of the firearm; and

7       (2)   Present to the law enforcement officer a license to

8              carry a firearm issued under section 134-9 or

9              documentation regarding the person's qualifications

10             under title 18 United States Code section 926B or

11             926C.

12       (c)   Any person who violates this section shall be guilty

13   of a petty misdemeanor.

14       **§134-C**  **Leaving unsecured firearm in vehicle unattended;**

15   **penalty.**  (a)  No person shall intentionally, knowingly, or

16   recklessly store or otherwise leave a loaded or unloaded firearm

17   out of the person's immediate possession or control inside a

18   vehicle without first securely locking the firearm in a safe

19   storage depository that is out of sight from outside of the

20   vehicle.

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    (b)  For purposes of this section, "safe storage

2 depository" means a safe or other secure impact- and

3 tamper-resistant container that, when locked, is incapable of

4 being opened without a key, keypad, combination, or other

5 unlocking mechanism and is capable of preventing an unauthorized

6 person from obtaining access to or possession of the firearm

7 contained therein.  A vehicle's trunk or glove box alone, even

8 if locked, is not a safe storage depository.

9    (c)  This section shall not apply to a person in an exempt

10 category identified in section 134-11(a).

11    (d)  Any person who violates subsection (a) shall be guilty

12 of a petty misdemeanor.

13    §134-D  Unlawful conduct while carrying a firearm; penalty.

14 (a)  A person carrying a firearm shall not:

15    (1)  Consume alcohol or intoxicating liquor;

16    (2)  Consume a controlled substance;

17    (3)  Be under the influence of alcohol or intoxicating

18         liquor; or

19    (4)  Be under the influence of a controlled substance.

20    (b)  As used in this section:

S.B. NO.

1    "Alcohol" and "intoxicating liquor" shall have the same

2  meaning as in section 281-1.

3    "Controlled substance" means a drug, substance, or

4  immediate precursor in schedules I through III of part II of

5  chapter 329.

6    (c)  Any person who violates this section shall be guilty

7  of a misdemeanor; provided that any person who violates this

8  section by consuming or being under the influence of alcohol or

9  an intoxicating liquor shall be guilty of a petty misdemeanor.

10    §134-E  Carrying or possessing a firearm on private

11  property of another person without authorization; penalty.  (a)

12  A person carrying a firearm pursuant to a license issued under

13  section 134-9 shall not intentionally, knowingly, or recklessly

14  enter or remain on private property of another person while

15  carrying a loaded or unloaded firearm, whether the firearm is

16  operable or not, and whether the firearm is concealed or

17  unconcealed, unless the person has been given express

18  authorization to carry a firearm on the property by the owner,

19  lessee, operator, or manager of the property.

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1     (b)   For purposes of this section, express authorization to

2   carry or possess a firearm on private property shall be

3   signified by:

4     (1)   Unambiguous written or verbal authorization; or

5     (2)   The posting of clear and conspicuous signage at the

6           entrance of the building or on the premises,

7   by the owner, lessee, operator, or manager of the property, or

8   agent thereof, indicating that carrying or possessing a firearm

9   is authorized.

10    (c)   For purposes of this section:

11   "Private entity" means any homeowners' association,

12   community association, planned community association,

13   condominium association, cooperative, or any other

14   nongovernmental entity with covenants, bylaws, or administrative

15   rules, regulations, or provisions governing the use of private

16   property.

17   "Private property" does not include property that is owned

18   or leased by any governmental entity.

19   "Private property of another person" means residential,

20   commercial, industrial, agricultural, institutional, or

21   undeveloped property that is privately owned or leased, unless

S.B. NO.

1   the person carrying a firearm is an owner, lessee, operator, or

2   manager of the property, including an ownership interest in a

3   common element or limited common element of the property;

4   provided that nothing in this chapter shall be construed to

5   limit the enforceability of a provision in any private rental

6   agreement restricting a tenant's possession or use of firearms,

7   the enforceability of a restrictive covenant restricting the

8   possession or use of firearms, or the authority of any private

9   entity to restrict the possession or use of firearms on private

10   property.

11        (d)   This section shall not apply to a person in an exempt

12   category identified in section 134-11(a).

13        (e)   Any person who violates this section shall be guilty

14   of a misdemeanor."

15        **§134-F   Annual report on licenses to carry.**   (a)   No later

16   than April 1, 2024, and April 1 of each year thereafter, the

17   department of the attorney general shall publish a report on its

18   publicly available website that includes, if available:

19        (1)   The number of licenses to carry applied for, issued,

20             revoked, and denied, further categorized by the age,

S.B. NO.   1230
S.D. 2
H.D. 1
C.D. 1

1          gender, race, and county of residence of each

2          applicant or licensee;

3     (2)  The specific reasons for each revocation and denial;

4     (3)  Analysis of denials based on applicants' failure to

5          meet the standards of section 134-9(d), and

6          recommendations to remedy any disparities in denial

7          rates by age, gender, or race;

8     (4)  The number of appeals and appeals granted; and

9     (5)  The number of violations of section 134-A.

10    (b)  No later than February 1 of each year, the chief of

11   police of each county shall supply the department of the

12   attorney general with the data the department requires to

13   complete the report under subsection (a).

14        §134-G  Failure to conceal a firearm by a concealed carry

15   licensee; penalty.  (a)  A person commits the offense of failure

16   to conceal a firearm by a concealed carry licensee if a person

17   is carrying a firearm pursuant to a license issued under section

18   134-9(a) and intentionally, knowingly, or recklessly causes

19   alarm to another person by failing to conceal the firearm, even

20   briefly, whether the firearm was loaded or not, and whether

21   operable or not.

S.B. NO.

1    (b)   It shall be a defense to any prosecution under this

2    section if the person:

3        (1)   Was within the person's private residence; or

4        (2)   Caused the firearm to be unconcealed for the purpose

5              of self-defense in accordance with section 703-304 or

6              defense of another person in accordance with section

7              703-305.

8        (c)   Failure to conceal a firearm by a concealed carry

9    licensee shall be a petty misdemeanor."

10       SECTION 3.   Section 134-1, Hawaii Revised Statutes, is

11   amended as follows:

12       1.   By adding three new definitions to be appropriately

13   inserted and to read:

14       ""Concealed" means, in relation to a firearm, that the

15   firearm is entirely hidden from view of the public and not

16   discernible by ordinary observation, in a manner that a

17   reasonable person without law enforcement training would be

18   unable to detect the presence of the firearm.

19       "Criminal offense relating to firearms" means:

20       (1)   Any criminal offense under this chapter punishable as

21              a misdemeanor;

S.B. NO. 1230<br>
S.D. 2<br>
H.D. 1<br>
C.D. 1

1      (2)   Criminally negligent storage of a firearm under

2           section 707-714.5; and

3      (3)   Any other criminal offense punishable as a misdemeanor

4           under federal or state law or the law of another

5           state, a United States territory, or the District of

6           Columbia that has as an element of the offense the

7           use, attempted use, threatened use, or possession of a

8           firearm.

9     "Unconcealed" means not concealed."

10    2.  By amending the definition of "crime of violence" to

11  read:

12     ""Crime of violence" means [any]:

13      (1)   Any offense[, as defined in title 37,] under federal

14           or state law or the law of another state, a United

15           States territory, or the District of Columbia that

16           [involves injury] has as an element of the offense

17           the:

18          (A)   Injury or threat of injury to the person of

19                another[, including sexual]; or

20          (B)   Use, attempted use, or threatened use of physical

21                force against the person or property of another

S.B. NO. <span>1230<br>S.D. 2<br>H.D. 1<br>C.D. 1</span>

1                    or the creation of a substantial risk of causing

2                    bodily injury;

3      (2)   Reckless endangering in the second degree under

4             section 707-714;

5      (3)   Terroristic threatening in the second degree under

6             section 707-717;

7      (4)   Sexual assault in the fourth degree under section 707-

8             733 [and harassment];

9      (5)   Endangering the welfare of a minor in the second

10           degree under section 709-904;

11     (6)   Endangering the welfare of an incompetent person under

12          section 709-905;

13     (7)   Harassment under section 711-1106(1)(a);

14     (8)   Harassment by stalking under section 711-1106.5[-];

15     (9)   Criminal solicitation under section 705-510; provided

16          that the solicitation was for a crime described or

17          listed in paragraphs (1) to (8);

18    (10)  Criminal conspiracy under section 705-520; provided

19          that the conspiracy was for a crime described or

20          listed in paragraphs (1) to (8); and

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1      (11)  Offenses under federal law, or the law of another

2            state, a United States territory, or the District of

3            Columbia, that are comparable to the offenses

4            described or listed in paragraphs (1) to (10)."

5     SECTION 4.  Section 134-2, Hawaii Revised Statutes, is

6  amended to read as follows:

7     "**§134-2  Permits to acquire.**  (a)  No person shall acquire

8  the ownership of a firearm, whether usable or unusable,

9  serviceable or unserviceable, modern or antique, registered

10  under prior law or by a prior owner or unregistered, either by

11  purchase, gift, inheritance, bequest, or in any other manner,

12  whether procured in the State or imported by mail, express,

13  freight, or otherwise, until the person has first procured from

14  the chief of police of the county of the person's place of

15  business or, if there is no place of business, the person's

16  residence or, if there is neither place of business nor

17  residence, the person's place of sojourn, a permit to acquire

18  the ownership of a firearm as prescribed in this section.  When

19  title to any firearm is acquired by inheritance or bequest, the

20  foregoing permit shall be obtained before taking possession of

21  [a] the firearm; provided that upon presentation of a copy of

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    the death certificate of the owner making the bequest, any heir

2    or legatee may transfer the inherited or bequested firearm

3    directly to a dealer licensed under section 134-31 or licensed

4    by the United States Department of Justice without complying

5    with the requirements of this section.

6         (b)   The permit application form shall [include the]:

7         (1)   Include:

8               (A)   The applicant's name, address, [sex,] gender,

9                     height, weight, date of birth, place of birth,

10                    country of citizenship, social security number,

11                    alien or admission number[, and information];

12              (B)   Information regarding the applicant's mental

13                    health history;

14              (C)   Any aliases or other names previously used by the

15                    applicant;

16              (D)   Information that is or may be relevant in

17                    determining whether the applicant is disqualified

18                    under section 134-7 from the ownership,

19                    possession, or control of a firearm; and

20              (E)   Information that is or may be relevant in

21                    determining whether the applicant lacks the

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1           essential character or temperament necessary to

2           be entrusted with a firearm as set forth in

3           subsection (e); and [shall require]

4     (2)   Require the fingerprinting and photographing of the

5           applicant by the police department of the county of

6           registration; provided that where fingerprints and a

7           photograph are already on file with the department,

8           these may be waived.

9     (c)   An applicant for a permit shall [sign]:

10    (1)   Sign a waiver at the time of application, allowing the

11          chief of police of the county issuing the permit or a

12          designee of the chief of police access to [any] all

13          records that have a bearing on the mental health of

14          the applicant[.  The permit application form and the

15          waiver form shall be prescribed by the attorney

16          general and shall be uniform throughout the State.];

17          and

18    (2)   Identify any health care providers who possess or may

19          possess the records described in paragraph (1).

20    (d)   The chief of police of the respective counties [may]

21    shall issue permits to acquire firearms to [citizens]:

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1   (1)   Citizens, nationals, or lawful permanent residents of

2         the United States of the age of twenty-one years or

3         more[, or duly];

4   (2)   Duly accredited official representatives of foreign

5         nations[, or duly];

6   (3)   Duly commissioned law enforcement officers of the

7         State who are aliens; provided that any law

8         enforcement officer who is the owner of a firearm and

9         who is an alien shall transfer ownership of the

10        firearm within forty-eight hours after termination of

11        employment from a law enforcement agency[.  The chief

12        of police of each county may issue permits to aliens];

13  (4)   Aliens of the age of eighteen years or more for use of

14        rifles and shotguns for a period not exceeding sixty

15        days, upon a showing that the alien has first procured

16        a hunting license under chapter 183D, part II[.  The

17        chief of police of each county may issue permits to

18        aliens]; and

19  (5)   Aliens of the age of twenty-one years or more for use

20        of firearms for a period not exceeding six months,

21        upon a showing that the alien is in training for a

S.B. NO.

1       specific organized sport-shooting contest to be held

2       within the permit period.

3       The attorney general [shall] may adopt rules, pursuant to

4  chapter 91, as to what constitutes sufficient evidence that an

5  alien is in training for a sport-shooting contest.

6       Notwithstanding any law to the contrary and upon joint

7  application, the chief of police may, upon request, issue

8  permits to acquire firearms jointly to spouses who otherwise

9  qualify to obtain permits under this section.

10      (e)   The permit application form shall be signed by the

11 applicant and [by the] issuing authority.  One copy of the

12 permit shall be retained by the issuing authority as a permanent

13 official record.  Except for sales to dealers licensed under

14 section 134-31, [or] dealers licensed by the United States

15 Department of Justice, [or] law enforcement officers, [or where

16 a license is granted under section 134-9,] or where any firearm

17 is registered pursuant to section 134-3(a), no permit shall be

18 issued to an applicant earlier than fourteen calendar days after

19 the date of the application; provided that a permit shall be

20 issued or the application denied before the [twentieth] fortieth

21 day from the date of application.  Permits issued to acquire any

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1   pistol or revolver shall be void unless used within [ten] thirty

2   days after the date of issue.  Permits to acquire a pistol or

3   revolver shall require a separate application and permit for

4   each transaction.  Permits issued to acquire any rifle or

5   shotgun shall entitle the permittee to make subsequent purchases

6   of rifles or shotguns for a period of one year from the date of

7   issue without a separate application and permit for each

8   acquisition, subject to the disqualifications under section 134-

9   7 and [subject to] revocation under section 134-13; provided

10  that if a permittee is arrested for committing a felony [or

11  any], a crime of violence, a criminal offense relating to

12  firearms, or for the illegal sale or distribution of any drug,

13  the permit shall be impounded and [shall be] surrendered to the

14  issuing authority.  The issuing authority shall perform an

15  inquiry on an applicant by using the International Justice and

16  Public Safety Network, including the United States Immigration

17  and Customs Enforcement query, [the] National Crime Information

18  Center, and [the] National Instant Criminal Background Check

19  System, pursuant to section 846-2.7 before any determination to

20  issue a permit or to deny an application is made.  The issuing

21  authority shall not issue a permit to acquire the ownership of a

S.B. NO.

1   firearm if an applicant is disqualified under section 134-7 from

2   the ownership, possession, or control of a firearm, or if the

3   issuing authority determines that issuance would not be in the

4   interest of public health, safety, or welfare because the person

5   lacks the essential character or temperament necessary to be

6   entrusted with a firearm.  In determining whether a person lacks

7   the essential character or temperament necessary to be entrusted

8   with a firearm, the issuing authority shall consider whether the

9   person poses a danger of causing a self-inflicted bodily injury

10  or unlawful injury to another person, as evidenced by:

11       (1)   Information from a health care provider indicating

12             that the person has had suicidal or homicidal thoughts

13             or tendencies within the preceding five years;

14       (2)   Statements or actions by the person indicating any

15             dangerous propensity or violent animus toward one or

16             more individuals or groups, including groups based on

17             race, color, national origin, ancestry, sex, gender

18             identity, gender expression, sexual orientation, age,

19             disability, religion, or any other characteristic, and

20             the propensity or animus is of a nature or to an

21             extent that would objectively indicate to a reasonable

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1          observer that it would not be in the interest of the

2          public health, safety, or welfare for the person to

3          own, possess, or control a firearm or ammunition; or

4     (3)  Other information that would lead a reasonable,

5          objective observer to conclude that the person

6          presents or would present a danger to the community as

7          a result of acquiring or possessing a firearm or

8          intends or is likely to use a firearm for an unlawful

9          purpose or in an unlawful manner.

10    (f)  In all cases where a pistol or revolver is acquired

11  from another person within the State, the permit shall be signed

12  in ink by the person to whom title to the pistol or revolver is

13  transferred and shall be delivered to the person who is

14  transferring title to the firearm, who shall verify that the

15  person to whom the firearm is to be transferred is the person

16  named in the permit and enter on the permit in the space

17  provided the following information:  name, address, and

18  telephone number of the person who transferred the firearm;

19  name, address, and telephone number of the person to whom the

20  title to the firearm was transferred;  names of the manufacturer

21  and importer; model; type of action; caliber or gauge; and

S.B. NO.

1  serial number, as applicable.  The person who is transferring

2  title to the firearm shall sign the permit in ink and cause the

3  permit to be delivered or sent by registered mail to the issuing

4  authority within forty-eight hours after transferring the

5  firearm.

6       In all cases where receipt of a firearm is had by mail,

7  express, freight, or otherwise from sources [without] outside

8  the State, the person to whom the permit has been issued shall

9  make the prescribed entries on the permit, sign the permit in

10  ink, and cause the permit to be delivered or sent by registered

11  mail to the issuing authority within forty-eight hours after

12  taking possession of the firearm.

13       In all cases where a rifle or shotgun is acquired from

14  another person within the State, the person who is transferring

15  title to the rifle or shotgun shall submit, within forty-eight

16  hours after transferring the firearm, to the authority that

17  issued the permit to acquire, the following information, in

18  writing:  name, address, and telephone number of the person who

19  transferred the firearm[,]; name, address, and telephone number

20  of the person to whom the title to the firearm was transferred;

S.B. NO.

1    names of the manufacturer and importer; model; type of action;

2    caliber or gauge; and serial number, as applicable.

3        (g)   [~~Effective July 1, 1995, no~~] No person shall be issued

4    a permit under this section for the acquisition of a [~~pistol or~~

5    ~~revolver~~] firearm unless the person, [~~at any time prior to~~]

6    within the four years before the issuance of the permit, has

7    completed:

8        (1)   An approved hunter education course as authorized

9              under section 183D-28[~~;~~], unless the applicant seeks

10             to acquire a pistol or revolver, in which case the

11             applicant shall complete a training satisfying the

12             requirements of paragraph (2), (3), or (4);

13        (2)   A firearms safety or training course or class

14             available to the general public offered by a law

15             enforcement agency of the State or of any county;

16        (3)   A firearms safety or training course offered to law

17             enforcement officers, security guards, investigators,

18             deputy sheriffs, or any division or subdivision of law

19             enforcement or security enforcement by a state or

20             county law enforcement agency; or

S.B. NO. <span>1230<br>S.D. 2<br>H.D. 1<br>C.D. 1</span>

1    (4)  A firearms training or safety course or class

2       conducted by a [state certified or National Rifle

3       Association certified firearms instructor] firearms

4       instructor certified or verified by the chief of

5       police of the respective county or a designee of the

6       chief of police or certified by a nongovernmental

7       organization approved for such purposes by the chief

8       of police of the respective county or a designee of

9       the chief of police, or conducted by a certified

10      military firearms instructor; provided that the

11      firearms training or safety course or class provides,

12      at a minimum, a total of at least two hours of firing

13      training at a firing range and a total of at least

14      four hours of classroom instruction, which may include

15      a video, that focuses on:

16      (A)  The safe use, handling, and storage of firearms

17          and firearm safety in the home[,], as well as a

18          component on mental health, suicide prevention,

19          and domestic violence issues associated with

20          firearms and firearm violence; and

21      (B)  Education on the firearm laws of the State.

S.B. NO.
1230
S.D. 2
H.D. 1
C.D. 1

1        An affidavit signed by the certified <u>or verified</u>

2        <u>firearms</u> instructor who conducted or taught the

3        course, providing the name, address, and phone number

4        of the instructor and attesting to the successful

5        completion of the course by the applicant shall

6        constitute evidence of certified successful completion

7        under this paragraph[-]<u>; provided that an instructor</u>

8        <u>shall not submit an affidavit signed by the instructor</u>

9        <u>for the instructor's own permit application.</u>

10    (h)   No person shall sell, give, lend, or deliver into the

11 possession of another any firearm except in accordance with this

12 chapter.

13    (i)   No fee shall be charged for permits, or applications

14 for permits, under this section, except for a single fee

15 chargeable by and payable to the issuing county[, for

16 individuals applying for their first permit,] in an amount equal

17 to the fee charged by the Hawaii criminal justice data center

18 pursuant to section 846-2.7.   In the case of a joint

19 application, the fee provided for in this section may be charged

20 to each person [to whom no previous permit has been issued].   <u>If</u>

21 <u>an application under this section is denied, the chief of police</u>

**S.B. NO.** 1230
S.D. 2
H.D. 1
C.D. 1

1    or a designee of the chief of police shall notify the applicant

2    of the denial in writing, stating the ground or grounds for the

3    denial and informing the applicant of the right to seek review

4    of the denial through a hearing pursuant to subsection (k).

5         (j)  In all cases where a permit application under this

6    section is denied because an applicant is prohibited from

7    owning, possessing, receiving, or controlling firearms under

8    federal or state law, the chief of police of the applicable

9    county shall, within ten business days from the date of denial,

10   send written notice of the denial, including the identity of the

11   applicant and the reasons for the denial, to the:

12        (1)  Prosecuting attorney in the county where the permit

13             was denied;

14        (2)  Attorney general;

15        (3)  United States Attorney for the District of Hawaii; and

16        (4)  Director of public safety.

17        If the permit to acquire was denied because the applicant

18   is subject to an order described in section 134-7(f), the chief

19   of police shall, within three business days from the date of

20   denial, send written notice of the denial to the court that

21   issued the order.

S.B. NO. <span>1230<br>S.D. 2<br>H.D. 1<br>C.D. 1</span>

1    When the director of public safety receives notice that an

2    applicant has been denied a permit because of a prior criminal

3    conviction, the director of public safety shall determine

4    whether the applicant is currently serving a term of probation

5    or parole, and if the applicant is serving such a term, send

6    written notice of the denial to the applicant's probation or

7    parole officer.

8    (k)  If an application under this section is denied, a

9    person or entity aggrieved by the denial shall be entitled to a

10   hearing before the chief of police of the appropriate county or

11   a designee of the chief of police.  A person or entity aggrieved

12   by the denial shall submit a request for a hearing in writing to

13   the chief of police of the appropriate county no later than

14   thirty days following the date of the decision or determination

15   notice.  The hearing shall constitute a contested case hearing

16   for purposes of chapter 91.  Following the hearing and final

17   decision, an aggrieved party shall be entitled to a judicial

18   review proceeding in state circuit court in accordance with

19   section 91-14.

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1      (1)  The permit application form and the waiver form

2  required under this section shall be prescribed by the issuing

3  authority."

4      SECTION 5.  Section 134-4, Hawaii Revised Statutes, is

5  amended by amending subsection (d) to read as follows:

6      "(d)  No person shall intentionally, knowingly, or

7  recklessly lend a firearm to any person who is prohibited from

8  ownership [or], possession, or control of a firearm under

9  section 134-7."

10     SECTION 6.  Section 134-7, Hawaii Revised Statutes, is

11  amended to read as follows:

12     "§134-7  Ownership [or], possession, or control prohibited,

13  when; penalty.  (a)  No person who is a fugitive from justice or

14  [is a person] prohibited from possessing [firearms] a firearm or

15  ammunition under title 18 United States Code section 922 or any

16  other provision of federal law shall own, possess, or control

17  any firearm or ammunition [therefor].

18     (b)  No person who [is under indictment for, or has waived

19  indictment for, or has been bound over to the circuit court

20  for,] is being prosecuted for one or more charges for a felony,

21  a crime of violence, a criminal offense relating to firearms, or

S.B. NO.

1 an illegal sale or distribution of any drug in a court in this

2 State or elsewhere, or who has been convicted in this State or

3 elsewhere of having committed a felony, [or any] a crime of

4 violence, a criminal offense relating to firearms, or an illegal

5 sale or distribution of any drug shall own, possess, or control

6 any firearm or ammunition [therefor].

7      (c)  No person [who:] shall own, possess, or control any

8 firearm or ammunition if the person:

9      (1)  Is or has been under treatment or counseling for

10          addiction to, abuse of, or dependence upon any

11          dangerous, harmful, or detrimental drug, intoxicating

12          compound as defined in section 712-1240, or

13          intoxicating liquor;

14     (2)  Has been acquitted of a crime on the grounds of mental

15          disease, disorder, or defect pursuant to section 704-

16          411[;] or any similar provision under federal law, or

17          the law of another state, a United States territory,

18          or the District of Columbia;

19     (3)  Is or has been diagnosed [as having a significant

20          behavioral, emotional, or mental disorders as defined

21          by the most current diagnostic manual of the American

S.B. NO.

1   [Psychiatric Association or for treatment for organic
2   brain syndromes;] with or treated for a medical,
3   behavioral, psychological, emotional, or mental
4   condition or disorder that causes or is likely to
5   cause impairment in judgment, perception, or impulse
6   control to an extent that presents an unreasonable
7   risk to public health, safety, or welfare if the
8   person were in possession or control of a firearm; or

9   (4)   Has been adjudged to:

10        (A)   Meet the criteria for involuntary hospitalization
11              under section 334-60.2; or

12        (B)   Be an "incapacitated person", as defined in
13              section 560:5-102,

14   [shall own, possess, or control any firearm or ammunition
15   therefor,] unless the person [has been medically documented to
16   be] establishes, with appropriate medical documentation, that
17   the person is no longer adversely affected by [the addiction,
18   abuse, dependence, mental disease, disorder, or defect.] the
19   criteria or statuses identified in this subsection.

20        (d)   No person who is less than twenty-five years old and
21   has been adjudicated by the family court to have committed a

**S.B. NO.**

1    felony, [two or more crimes] a crime of violence, a criminal

2    offense relating to firearms, or an illegal sale or distribution

3    of any drug shall own, possess, or control any firearm or

4    ammunition [therefor].

5         (e)  No minor [who.] shall own, possess, or control any

6    firearm or ammunition if the minor:

7         (1)  Is or has been under treatment for addiction to any

8              dangerous, harmful, or detrimental drug, intoxicating

9              compound as defined in section 712-1240, or

10             intoxicating liquor;

11        (2)  Is a fugitive from justice; or

12        (3)  Has been determined not to have been responsible for a

13             criminal act or has been committed to any institution

14             on account of a mental disease, disorder, or

15             defect [;] .

16   [shall own, possess, or control any firearm or ammunition

17   therefor,] unless the minor [has been medically documented to

18   be] establishes, with appropriate medical documentation, that

19   the minor is no longer adversely affected by the addiction,

20   mental disease, disorder, or defect.

S.B. NO.

1    For the purposes of enforcing this section, and

2    notwithstanding section 571-84 or any other law to the contrary,

3    any agency within the State shall make its records relating to

4    family court adjudications available to law enforcement

5    officials.

6    (f)  No person who has been restrained pursuant to an order

7    of any court, including a gun violence protective order issued

8    pursuant to part IV, from contacting, threatening, or physically

9    abusing any person, shall possess, control, or transfer

10   ownership of any firearm or ammunition [therefor], so long as

11   the protective order, restraining order, or any extension is in

12   effect[, unless the order, for good cause shown, specifically

13   permits the possession of a firearm and ammunition].  The

14   protective order or restraining order shall specifically include

15   a statement that possession, control, or transfer of ownership

16   of a firearm or ammunition by the person named in the order is

17   prohibited.  The person shall relinquish possession and control

18   of any firearm and ammunition owned by that person to the police

19   department of the appropriate county for safekeeping for the

20   duration of the order or extension thereof.  At the time of

21   service of a protective order or restraining order involving

S.B. NO.

1   firearms and ammunition issued by any court, a police officer

2   may take custody of any and all firearms and ammunition in plain

3   sight, those discovered pursuant to a consensual search, and

4   those firearms surrendered by the person restrained.  If the

5   person restrained is the registered owner of a firearm and knows

6   the location of the firearm, but refuses to surrender the

7   firearm or [~~refuses to~~] disclose the location of the firearm,

8   the person restrained shall be guilty of a misdemeanor.  In any

9   case, when a police officer is unable to locate the firearms and

10  ammunition either registered under this chapter or known to the

11  person granted protection by the court, the police officer shall

12  apply to the court for a search warrant pursuant to chapter 803

13  for the limited purpose of seizing the firearm and ammunition.

14       [~~For the purposes of this subsection, good cause shall not~~

15  ~~be based solely upon the consideration that the person subject~~

16  ~~to restraint pursuant to an order of any court is required to~~

17  ~~possess or carry firearms or ammunition during the course of the~~

18  ~~person's employment.  Good cause consideration may include but~~

19  ~~not be limited to the protection and safety of the person to~~

20  ~~whom a restraining order is granted.~~]

Case 1:23-cv-00265-LEK-WRP   Document 55-34   Filed 07/14/23   Page 42 of 79   PageID.856

Page 41

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    (g)   Any person disqualified from ownership, possession,

2 control, or the right to transfer ownership of firearms and

3 ammunition under this section shall surrender or dispose of all

4 firearms and ammunition in compliance with section 134-7.3.

5    (h)   Any person who otherwise would be prohibited under

6 subsection (b) from owning, possessing, or controlling a firearm

7 and ammunition solely as a result of a conviction for a crime

8 that is not a felony, and who is not prohibited from owning,

9 possessing, or controlling a firearm or ammunition for any

10 reason under any other provision of this chapter or under title

11 18 United States Code section 922 or another provision of

12 federal law, shall not be prohibited under this section from

13 owning, possessing, or controlling a firearm and ammunition if

14 twenty years have elapsed from the date of the conviction.

15    [(h)] (i)   Any person violating subsection (a) or (b) shall

16 be guilty of a class C felony; provided that any felon violating

17 subsection (b) shall be guilty of a class B felony.   Any person

18 violating subsection (c), (d), (e), (f), or (g) shall be guilty

19 of a misdemeanor."

20    SECTION 7.   Section 134-9, Hawaii Revised Statutes, is

21 amended to read as follows:



# S.B. NO.
1230
S.D. 2
H.D. 1
C.D. 1

1     "§134-9  **Licenses to carry.**  (a)  [~~In an exceptional case,~~

2   ~~when an applicant shows reason to fear injury to the applicant's~~

3   ~~person or property, the~~] The chief of police of [~~the~~

4   ~~appropriate~~] a county [~~may~~] shall grant a license to an

5   applicant [~~who is a citizen of the United States of the age of~~

6   ~~twenty one years or more or to a duly accredited official~~

7   ~~representative of a foreign nation of the age of twenty one~~

8   ~~years or more~~] to carry a pistol or revolver and ammunition

9   [~~therefor~~] concealed on the licensee's person within [~~the county~~

10  ~~where the license is granted.  Where the urgency or the need has~~

11  ~~been sufficiently indicated, the respective~~] the State, if the

12  applicant:

13       (1)   Satisfies each of the criteria established by or

14             pursuant to subsection (d);

15       (2)   Is not prohibited under section 134-7 from the

16             ownership, possession, or control of a firearm and

17             ammunition;

18       (3)   Is not found to be lacking the essential character or

19             temperament necessary to be entrusted with a firearm

20             as set forth in subsection (h);

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1        (4)   Is a citizen, national, or lawful permanent resident

2              of the United States or a duly accredited official

3              representative of a foreign nation;

4        (5)   Is a resident of the State; and

5        (6)   Is of the age of twenty-one years or more.

6        (b)  The chief of police of a county may grant to an

7  applicant [of good moral character who is a citizen of the

8  United States of the age of twenty-one years or more, is engaged

9  in the protection of life and property, and is not prohibited

10  under section 134-7 from the ownership or possession of a

11  firearm,] a license to carry a pistol or revolver and ammunition

12  [therefor] unconcealed on the licensee's person within the

13  county where the license is granted[.], if the applicant:

14       (1)   Sufficiently establishes the urgency or need to carry

15             a firearm unconcealed;

16       (2)   Is engaged in the protection of life and property;

17       (3)   Satisfies each of the criteria established by or

18             pursuant to subsection (d);

19       (4)   Is not prohibited under section 134-7 from the

20             ownership, possession, or control of a firearm and

21             ammunition;

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1       (5)   Is not found to be lacking the essential character or

2            temperament necessary to be entrusted with a firearm

3            as set forth in subsection (h);

4       (6)   Is a citizen, national, or lawful permanent resident

5            of the United States; and

6       (7)   Is of the age of twenty-one years or more.

7       (c)   The chief of police of the appropriate county, or [the

8 chief's] a designated representative[,] of the chief of police,

9 shall perform an inquiry on an applicant by using the National

10 Instant Criminal Background Check System, to include a check of

11 the Immigration and Customs Enforcement databases [where] if the

12 applicant is not a citizen of the United States, before any

13 determination to grant a concealed or unconcealed license is

14 made.  [Unless renewed, the license shall expire one year from

15 the date of issue.

16       (b)   The chief of police of each county shall adopt

17 procedures to require that any person granted a license to carry

18 a concealed weapon on the person shall:]

19       (d)   To be eligible to receive a license to carry a

20 concealed or unconcealed pistol or revolver on the licensee's

21 person, the applicant shall:

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1      (1)      [~~Be qualified to use the firearm in a safe manner;~~]

2                 Submit the appropriate carry license application, in

3                 person, to the chief of police of the appropriate

4                 county, with:

5                 (A)      All fields on the application form completed and

6                            all questions answered truthfully, under penalty

7                            of law;

8                 (B)      All required signatures present on the

9                            application;

10                 (C)      Any required documents attached to the

11                            application; and

12                 (D)      Payment of the nonrefundable license application

13                            fee required under this section;

14      (2)      [~~Appear to be a suitable person to be so licensed;~~] Be

15                 the registered owner of the firearm or firearms for

16                 which the license to carry will be issued; provided

17                 that this paragraph shall not apply to detectives,

18                 private detectives, investigators, and guards with an

19                 active license issued pursuant to chapter 463;

S.B. NO.
1230
S.D. 2
H.D. 1
C.D. 1

1      (3)    Not be prohibited under section 134-7 from the

2              ownership [or]_, possession, or control of a firearm;

3              [and]

4      (4)    [Not have been adjudged insane or not appear to be

5              mentally deranged.] Have completed a course of

6              training as described in subsection (e) and be

7              certified as qualified to use the firearm or firearms

8              for which the license to carry will be issued in a

9              safe manner; and

10    (5)    Sign an affidavit expressly acknowledging that:

11        (A)   The applicant has read and is responsible for

12              understanding and complying with the federal,

13              state, and county laws governing the permissible

14              use of firearms and associated requirements,

15              including:

16           (i)   The prohibition on carrying or possessing a

17                  firearm in certain locations and premises;

18           (ii)  The prohibition on carrying more than one

19                  firearm on the licensee's person at one

20                  time;

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1  (iii)  The prohibition on carrying a firearm on

2         private property of another person without

3         the express authorization of the owner,

4         lessee, operator, or manager of the private

5         property;

6  (iv)   The requirement to maintain possession of

7         the license on the licensee's person while

8         carrying a firearm;

9  (v)    The requirement to disclose information

10        regarding the carrying of a firearm when

11        stopped by law enforcement;

12 (vi)   The provision for absolute liability for

13        injury or property damage proximately caused

14        by a legally unjustified discharge of a

15        firearm under section 663-9.5; and

16 (vii)  Laws regarding the use of deadly force for

17        self-defense or the defense of another;

18 (B)    A license to carry issued under this section

19        shall be void if a licensee becomes disqualified

20        from the ownership, possession, or control of a

# S.B. NO.

1230
S.D. 2
H.D. 1
C.D. 1

1   firearm pursuant to section 134-7(a), (b), (d),

2   or (f);

3   (C)   The license shall be subject to revocation under

4   section 134-13 if a licensee for any other reason

5   becomes disqualified under section 134-7 from the

6   ownership, possession, or control of a firearm;

7   and

8   (D)   A license that is revoked or that becomes void

9   shall be returned to the chief of police of the

10   appropriate county within forty-eight hours after

11   the license is revoked or becomes void.

12   [(c)   No person shall carry concealed or unconcealed on the

13   person a pistol or revolver without being licensed to do so

14   under this section or in compliance with sections 134-5(c) or

15   134-25.

16   (d)   A fee of $10 shall be charged for each license and

17   shall be deposited in the treasury of the county in which the

18   license is granted.]

19   (e)   The course of training for issuance of a license under

20   this section may be any course acceptable to the licensing

21   authority that meets all of the following criteria:

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

    (1)   The course shall include in-person instruction on firearm safety; firearm handling; shooting technique; safe storage; legal methods to transport firearms and secure firearms in vehicles; laws governing places in which persons are prohibited from carrying a firearm; firearm usage in low-light situations; situational awareness and conflict management; and laws governing firearms, including information regarding the circumstances in which deadly force may be used for self-defense or the defense of another;

    (2)   The course shall include a component on mental health and mental health resources;

    (3)   Except for the component on mental health and mental health resources, the course shall be conducted by one or more firearms instructors certified or verified by the chief of police of the respective county or a designee of the chief of police or certified by a nongovernmental organization approved for those purposes by the chief of police of the respective county or a designee of the chief of police, or

S.B. NO. <sup></sup>

1230
S.D. 2
H.D. 1
C.D. 1

1        conducted by one or more certified military firearms

2        instructors;

3   (4)  The course shall require participants to demonstrate

4        their understanding of the covered topics by achieving

5        a score of at least seventy per cent on a written

6        examination; and

7   (5)  The course shall include live-fire shooting exercises

8        on a firing range and shall include a demonstration by

9        the applicant of safe handling of, and shooting

10       proficiency with, each firearm that the applicant is

11       applying to be licensed to carry.

12   (f)  Upon passing the course of training identified in

13  subsection (e), the applicant shall obtain from the instructor,

14  and include as part of the applicant's application package, a

15  certification as to the following:

16   (1)  The applicant's name, as confirmed by reviewing the

17        applicant's government-issued photo identification;

18   (2)  The date and location of the firearm proficiency test;

19   (3)  The firearm or firearms that the applicant used in the

20        firearm proficiency test;

S.B. NO.

1      (4)   The applicant's score; provided that an indication

2           that the applicant passed or failed, without the score

3           itself, shall be insufficient information for the

4           purposes of the application; and

5      (5)   The instructor's qualifications to administer the

6           firearm proficiency test.

7  The certification of the above information, signed by the

8  firearms instructor who conducted or taught the course,

9  providing the name, address, and phone number of the instructor,

10  shall constitute evidence of successful completion of the

11  course; provided that the instructor shall not submit a

12  certification signed by the instructor for the instructor's own

13  license application.  The course of training for issuance of a

14  license under this section shall be undertaken at the licensee's

15  expense.

16      (g)  An applicant for a license under this section shall:

17      (1)   Sign a waiver at the time of application, allowing the

18           chief of police of the county issuing the license or a

19           designee of the chief of police access to any records

20           that have a bearing on the mental health of the

21           applicant; and

S.B. NO. <sup>1230</sup>
S.D. 2
H.D. 1
C.D. 1

1     (2)  Identify any health care providers who possess or may

2          possess the records described in paragraph (1).

3    (h)  In determining whether a person lacks the essential

4 character or temperament necessary to be entrusted with a

5 firearm, the licensing authority shall consider whether the

6 person poses a danger of causing a self-inflicted bodily injury

7 or unlawful injury to another person, as evidenced by:

8     (1)  Information from a health care provider indicating

9          that the person has had suicidal or homicidal thoughts

10         or tendencies within the preceding five years;

11    (2)  Statements or actions by the person indicating any

12         dangerous propensity or violent animus toward one or

13         more individuals or groups, including groups based on

14         race, color, national origin, ancestry, sex, gender

15         identity, gender expression, sexual orientation, age,

16         disability, religion, or any other characteristic, and

17         the propensity or animus is of a nature or to an

18         extent that would objectively indicate to a reasonable

19         observer that it would not be in the interest of the

20         public health, safety, or welfare for the person to

21         own, possess, or control a firearm or ammunition; or

S.B. NO.  1230
S.D. 2
H.D. 1
C.D. 1

1      (3)   Other information that would lead a reasonable,

2            objective observer to conclude that the person

3            presents or would present a danger to the community as

4            a result of carrying a firearm in public or intends or

5            is likely to use a firearm for an unlawful purpose or

6            in an unlawful manner.

7      (i)   A nonrefundable fee of $150 shall be charged for each

8   license application submitted under this section.  The fee shall

9   be chargeable by and payable to the appropriate county and shall

10  be used for expenses related to police services.  The issuing

11  authority shall waive the fee required by this subsection upon a

12  showing of financial hardship by the applicant.

13     (j)   If the applicant satisfies each of the requirements

14  for a concealed carry license, an application for a concealed

15  carry license submitted to the chief of police of the

16  appropriate county under this section shall be approved within a

17  reasonable time after receipt of all required application

18  materials.  If the applicant does not satisfy one or more of the

19  requirements for a concealed carry license, the license shall be

20  denied within a reasonable time after receipt of the application

21  materials.  If an application is denied, the chief of police or

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    a designee of the chief of police shall notify the applicant of

2    the denial in writing, stating the ground or grounds for the

3    denial and informing the applicant of the right to seek review

4    of the denial through a hearing pursuant to subsection (k).  If

5    the chief of police does not grant or deny a submitted

6    application for a concealed carry license within one hundred

7    twenty days following the date of the application, the

8    application shall be deemed denied as of that date for purposes

9    of subsection (k).

10        (k)  If an application under this section is denied, a

11   person or entity aggrieved by the denial shall be entitled to a

12   hearing before the chief of police of the appropriate county or

13   a designee of the chief of police.  A person or entity aggrieved

14   by the denial shall submit a request for a hearing in writing to

15   the chief of police of the appropriate county no later than

16   thirty days following the date of the decision or determination

17   notice.  The hearing shall constitute a contested case hearing

18   for purposes of chapter 91.  Following the hearing and final

19   decision, an aggrieved party shall be entitled to a judicial

20   review proceeding in state circuit court in accordance with

21   section 91-14.



S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    (1)   If an application pursuant to this section is

2    approved, the chief of police shall issue the applicant a

3    license that contains, at minimum:

4    (1)   The licensee's name;

5    (2)   The licensee's address;

6    (3)   A photograph of the licensee taken within ninety days

7          before issuance of the license;

8    (4)   The county of issuance;

9    (5)   A notation as to whether the license permits concealed

10         or unconcealed carry;

11   (6)   The serial number of each registered firearm that the

12         licensee may carry pursuant to the license; and

13   (7)   The license expiration date.

14   The license issued under this subsection shall not constitute a

15   government-issued photo identification document under federal or

16   state law.

17   (m)   Unless renewed, a concealed or unconcealed license

18   shall expire four years from the date of issue.

19   (n)   A license to carry issued under this section shall be

20   void if a licensee becomes disqualified from the ownership,

21   possession, or control of a firearm pursuant to section 134-

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    7(a), (b), (d), or (f).  If a licensee for any other reason

2    becomes disqualified under section 134-7 from the ownership,

3    possession, or control of a firearm, the license shall be

4    subject to revocation under section 134-13.  A license that is

5    void or revoked shall be returned to the chief of police of the

6    appropriate county within forty-eight hours after the license

7    becomes void or is revoked.

8        (o)  The chief of police of each county shall adopt

9    procedures to implement this section.

10       (p)  The chief of police of each county shall establish

11   procedures and criteria for the renewal of licenses issued under

12   this section.  No license renewal shall be granted if an

13   applicant for a renewed license does not satisfy, or no longer

14   satisfies, the eligibility criteria for a new license set forth

15   in subsections (a) through (d).  As a precondition for the

16   renewal of licenses issued under this section, the chief of

17   police of each county may establish reasonable continuing

18   education, training, and certification requirements, including

19   requirements pertaining to the safe handling of firearms and

20   shooting proficiency.  A nonrefundable fee of $50 shall be

21   charged for each license renewal application submitted under

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1  this section.  The fee shall be chargeable by and payable to the

2  appropriate county and shall be used for expenses related to

3  police services.  The issuing authority shall waive the fee

4  required by this subsection upon a showing of financial hardship

5  by the applicant.

6      (q)  No person carrying a firearm pursuant to a license

7  issued under this section shall intentionally, knowingly, or

8  recklessly carry more than one firearm on the licensee's person

9  at one time.

10      (r)  A license issued by the chief of police of a county

11  within the State under subsection (a) to carry a pistol or

12  revolver and ammunition concealed on the licensee's person shall

13  be valid for use in each county within the State."

14      SECTION 8.  Section 134-13, Hawaii Revised Statutes, is

15  amended to read as follows:

16      "§134-13  **Revocation of permits**[.] **and licenses.**  (a)  All

17  permits and licenses provided for under this part [may] shall be

18  revoked[, for good cause,] by the issuing authority [or], and

19  may be revoked by [the judge of] any court[.], if the issuing

20  authority or court determines that the permit or license is

21  subject to revocation because the permit or license holder does



S.B. NO.

1   not satisfy, or no longer satisfies, the applicable

2   qualifications or requirements associated with the permit or

3   license.

4        (b)   If the issuing authority determines that a permit or

5   license is subject to revocation, the issuing authority shall

6   notify the permit or license holder of the determination in

7   writing, stating the grounds for the determination and informing

8   the permit or license holder of the right to seek a hearing

9   before the issuing authority regarding the determination before

10  revocation.  Unless the permit or license holder submits a

11  request for a hearing in writing to the issuing authority no

12  later than thirty days following the date of the written notice

13  that the permit or license is subject to revocation, the permit

14  or license shall be immediately revoked by the issuing

15  authority.  Any hearing regarding a determination on whether a

16  permit or license is subject to revocation shall constitute a

17  contested case hearing for purposes of chapter 91.  A person or

18  entity aggrieved by a revocation under this section may apply

19  for judicial review in state circuit court in accordance with

20  section 91-14.

S.B. NO.

1     (c)  If a permit or license is revoked pursuant to this

2   section, the former permit or license holder shall return the

3   permit or license to the issuing authority within forty-eight

4   hours following receipt of the notice of revocation."

5     SECTION 9.  Section 134-17, Hawaii Revised Statutes, is

6   amended to read as follows:

7     "§134-17  **Penalties.**  (a)  If any person [~~gives false~~

8   ~~information or offers false evidence of the person's identity in~~

9   ~~complying with any of the requirements of this part, that person~~

10  ~~shall be guilty of a misdemeanor, provided, however that if any~~

11  ~~person intentionally gives false information or offers false~~

12  ~~evidence concerning their~~] intentionally, knowingly, or

13  recklessly makes any materially false, fictitious, or fraudulent

14  statement or representation in connection with any of the

15  requirements of this part, that person shall be guilty of a

16  misdemeanor; provided that if any person intentionally,

17  knowingly, or recklessly makes any materially false, fictitious,

18  or fraudulent statement or representation regarding the person's

19  psychiatric or criminal history in [~~complying~~] connection with

20  any of the requirements of this part, that person shall be

21  guilty of a class C felony.

# S.B. NO. <span>1230<br>S.D. 2<br>H.D. 1<br>C.D. 1</span>

1    [(b)  Any person who violates section 134-3(a) shall be

2  guilty of a petty misdemeanor.

3    (c)]  (b)  Any person who violates [section]:

4    (1)  Section 134-2, 134-4, 134-10, [or] 134-13(c), or 134-

5         15 shall be guilty of a misdemeanor[.  Any person who

6         violates section];

7    (2)  Section 134-3(a) or 134-9(q) shall be guilty of a

8         petty misdemeanor; or

9    (3)  Section 134-3(b) shall be guilty of a petty

10        misdemeanor and the firearm shall be confiscated as

11        contraband and disposed of, if the firearm is not

12        registered within five days of the person receiving

13        notice of the violation."

14    SECTION 10.  Section 134-18, Hawaii Revised Statutes, is

15  amended to read as follows:

16    "§134-18  Qualified immunity for physicians, psychologists,

17  [or] psychiatrists, physician assistants, or advanced practice

18  registered nurses who provide information on permit or license

19  applicants.  There shall be no civil liability for any

20  physician, psychologist, [or] psychiatrist, physician assistant,

21  or advanced practice registered nurse who provides information

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    or renders an opinion in response to an inquiry made for

2    purposes of issuing a firearm permit under section 134-2,

3    issuing or renewing a license under section 134-9, or [for

4    purposes of] investigating the continuing mental health of the

5    holder of a valid firearm permit or license; provided that the

6    physician, psychologist, [or] psychiatrist, physician assistant,

7    or advanced practice registered nurse acted without malice."

8        SECTION 11.  Section 707-716, Hawaii Revised Statutes, is

9    amended by amending subsection (2) to read as follows:

10       "(2)   Terroristic threatening in the first degree is a

11   class C felony[.]; provided that terroristic threatening in the

12   first degree is a class B felony if committed with a firearm as

13   defined in section 134-1, whether the firearm was loaded or not,

14   and whether operable or not, or a simulated firearm, while in

15   one of the locations or premises listed in section 134-A(a)."

16       SECTION 12.  Section 846-2.7, Hawaii Revised Statutes, is

17   amended by amending subsection (b) to read as follows:

18       "(b)   Criminal history record checks may be conducted by:

19   (1)   The department of health or its designee on operators

20         of adult foster homes for individuals with

21         developmental disabilities or developmental

S.B. NO.

1    disabilities domiciliary homes and their employees, as

2    provided by section 321-15.2;

3    (2)  The department of health or its designee on

4         prospective employees, persons seeking to serve as

5         providers, or subcontractors in positions that place

6         them in direct contact with clients when providing

7         non-witnessed direct mental health or health care

8         services as provided by section 321-171.5;

9    (3)  The department of health or its designee on all

10        applicants for licensure or certification for,

11        operators for, prospective employees, adult

12        volunteers, and all adults, except adults in care, at

13        healthcare facilities as defined in section 321-15.2;

14   (4)  The department of education on employees, prospective

15        employees, and teacher trainees in any public school

16        in positions that necessitate close proximity to

17        children as provided by section 302A-601.5;

18   (5)  The counties on employees and prospective employees

19        who may be in positions that place them in close

20        proximity to children in recreation or child care

21        programs and services;

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    (6)   The county liquor commissions on applicants for liquor
2          licenses as provided by section 281-53.5;
3    (7)   The county liquor commissions on employees and
4          prospective employees involved in liquor
5          administration, law enforcement, and liquor control
6          investigations;
7    (8)   The department of human services on operators and
8          employees of child caring institutions, child placing
9          organizations, and foster boarding homes as provided
10         by section 346-17;
11   (9)   The department of human services on prospective
12         adoptive parents as established under section
13         346-19.7;
14   (10)  The department of human services or its designee on
15         applicants to operate child care facilities, household
16         members of the applicant, prospective employees of the
17         applicant, and new employees and household members of
18         the provider after registration or licensure as
19         provided by section 346-154, and persons subject to
20         section 346-152.5;

S.B. NO.

1      (11)   The department of human services on persons exempt

2             pursuant to section 346-152 to be eligible to provide

3             child care and receive child care subsidies as

4             provided by section 346-152.5;

5      (12)   The department of health on operators and employees of

6             home and community-based case management agencies and

7             operators and other adults, except for adults in care,

8             residing in community care foster family homes as

9             provided by section 321-15.2;

10    (13)   The department of human services on staff members of

11           the Hawaii youth correctional facility as provided by

12           section 352-5.5;

13    (14)   The department of human services on employees,

14           prospective employees, and volunteers of contracted

15           providers and subcontractors in positions that place

16           them in close proximity to youth when providing

17           services on behalf of the office or the Hawaii youth

18           correctional facility as provided by section 352D-4.3;

19    (15)   The judiciary on employees and applicants at detention

20           and shelter facilities as provided by section 571-34;

<table>
</table>

1    (16)  The department of public safety on employees and

2    prospective employees who are directly involved with

3    the treatment and care of persons committed to a

4    correctional facility or who possess police powers

5    including the power of arrest as provided by section

6    353C-5;

7    (17)  The board of private detectives and guards on

8    applicants for private detective or private guard

9    licensure as provided by section 463-9;

10    (18)  Private schools and designated organizations on

11    employees and prospective employees who may be in

12    positions that necessitate close proximity to

13    children; provided that private schools and designated

14    organizations receive only indications of the states

15    from which the national criminal history record

16    information was provided pursuant to section 302C-1;

17    (19)  The public library system on employees and prospective

18    employees whose positions place them in close

19    proximity to children as provided by section

20    302A-601.5;

**S.B. NO.**

1    (20)   The State or any of its branches, political

2           subdivisions, or agencies on applicants and employees

3           holding a position that has the same type of contact

4           with children, vulnerable adults, or persons committed

5           to a correctional facility as other public employees

6           who hold positions that are authorized by law to

7           require criminal history record checks as a condition

8           of employment as provided by section 78-2.7;

9    (21)   The department of health on licensed adult day care

10          center operators, employees, new employees,

11          subcontracted service providers and their employees,

12          and adult volunteers as provided by section 321-15.2;

13   (22)   The department of human services on purchase of

14          service contracted and subcontracted service providers

15          and their employees serving clients of the adult

16          protective and community services branch, as provided

17          by section 346-97;

18   (23)   The department of human services on foster grandparent

19          program, senior companion program, and respite

20          companion program participants as provided by section

21          346-97;

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1     (24)   The department of human services on contracted and

2             subcontracted service providers and their current and

3             prospective employees that provide home and community-

4             based services under section 1915(c) of the Social

5             Security Act, title 42 United States Code section

6             1396n(c), or under any other applicable section or

7             sections of the Social Security Act for the purposes

8             of providing home and community-based services, as

9             provided by section 346-97;

10    (25)   The department of commerce and consumer affairs on

11            proposed directors and executive officers of a bank,

12            savings bank, savings and loan association, trust

13            company, and depository financial services loan

14            company as provided by section 412:3-201;

15    (26)   The department of commerce and consumer affairs on

16            proposed directors and executive officers of a

17            nondepository financial services loan company as

18            provided by section 412:3-301;

19    (27)   The department of commerce and consumer affairs on the

20            original chartering applicants and proposed executive

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    officers of a credit union as provided by section

2    412:10-103;

3  (28)  The department of commerce and consumer affairs on:

4    (A)  Each principal of every non-corporate applicant

5       for a money transmitter license;

6    (B)  Each person who upon approval of an application

7       by a corporate applicant for a money transmitter

8       license will be a principal of the licensee; and

9    (C)  Each person who upon approval of an application

10      requesting approval of a proposed change in

11      control of licensee will be a principal of the

12      licensee,

13  as provided by sections 489D-9 and 489D-15;

14  (29)  The department of commerce and consumer affairs on

15    applicants for licensure and persons licensed under

16    title 24;

17  (30)  The Hawaii health systems corporation on:

18    (A)  Employees;

19    (B)  Applicants seeking employment;

20    (C)  Current or prospective members of the corporation

21       board or regional system board; or

# S.B. NO.

1          (D)   Current or prospective volunteers, providers, or

2                  contractors,

3        in any of the corporation's health facilities as

4        provided by section 323F-5.5;

5    (31)  The department of commerce and consumer affairs on:

6          (A)   An applicant for a mortgage loan originator

7                  license, or license renewal; and

8          (B)   Each control person, executive officer, director,

9                  general partner, and managing member of an

10                 applicant for a mortgage loan originator company

11                 license or license renewal,

12        as provided by chapter 454F;

13    (32)  The state public charter school commission or public

14        charter schools on employees, teacher trainees,

15        prospective employees, and prospective teacher

16        trainees in any public charter school for any position

17        that places them in close proximity to children, as

18        provided in section 302D-33;

19    (33)  The counties on prospective employees who work with

20        children, vulnerable adults, or senior citizens in

21        community-based programs;

**S.B. NO.** 1230
S.D. 2
H.D. 1
C.D. 1

1    (34)   The counties on prospective employees for fire
2           department positions that involve contact with
3           children or vulnerable adults;
4    (35)   The counties on prospective employees for emergency
5           medical services positions that involve contact with
6           children or vulnerable adults;
7    (36)   The counties on prospective employees for emergency
8           management positions and community volunteers whose
9           responsibilities involve planning and executing
10          homeland security measures including viewing,
11          handling, and engaging in law enforcement or
12          classified meetings and assisting vulnerable citizens
13          during emergencies or crises;
14   (37)   The State and counties on employees, prospective
15          employees, volunteers, and contractors whose position
16          responsibilities require unescorted access to secured
17          areas and equipment related to a traffic management
18          center;
19   (38)   The State and counties on employees and prospective
20          employees whose positions involve the handling or use
21          of firearms for other than law enforcement purposes;

# S.B. NO.
1230
S.D. 2
H.D. 1
C.D. 1

(39)  The State and counties on current and prospective systems analysts and others involved in an agency's information technology operation whose position responsibilities provide them with access to proprietary, confidential, or sensitive information;

(40)  The department of commerce and consumer affairs on:

(A)  Applicants for real estate appraiser licensure or certification as provided by chapter 466K;

(B)  Each person who owns more than ten per cent of an appraisal management company who is applying for registration as an appraisal management company, as provided by section 466L-7; and

(C)  Each of the controlling persons of an applicant for registration as an appraisal management company, as provided by section 466L-7;

(41)  The department of health or its designee on all license applicants, licensees, employees, contractors, and prospective employees of medical cannabis dispensaries, and individuals permitted to enter and remain in medical cannabis dispensary facilities as

S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1       provided under sections 329D-15(a)(4) and

2       329D-16(a)(3);

3   (42)   The department of commerce and consumer affairs on

4          applicants for nurse licensure or license renewal,

5          reactivation, or restoration as provided by sections

6          457-7, 457-8, 457-8.5, and 457-9;

7   (43)   The county police departments on applicants for

8          permits to acquire firearms pursuant to section 134-2

9          [and], on individuals registering their firearms

10         pursuant to section 134-3[;], and on applicants for

11         new or renewed licenses to carry a pistol or revolver

12         and ammunition pursuant to section 134-9;

13  (44)   The department of commerce and consumer affairs on:

14         (A)   Each of the controlling persons of the applicant

15               for licensure as an escrow depository, and each

16               of the officers, directors, and principals who

17               will be in charge of the escrow depository's

18               activities upon licensure; and

19         (B)   Each of the controlling persons of an applicant

20               for proposed change in control of an escrow

21               depository licensee, and each of the officers,

# S.B. NO.

1230
S.D. 2
H.D. 1
C.D. 1

1              directors, and principals who will be in charge

2              of the licensee's activities upon approval of the

3              application,

4       as provided by chapter 449;

5      (45)   The department of taxation on current or prospective

6              employees or contractors who have access to federal

7              tax information in order to comply with requirements

8              of federal law, regulation, or procedure, as provided

9              by section 231-1.6;

10     (46)   The department of labor and industrial relations on

11             current or prospective employees or contractors who

12             have access to federal tax information in order to

13             comply with requirements of federal law, regulation,

14             or procedure, as provided by section 383-110;

15     (47)   The department of human services on current or

16             prospective employees or contractors who have access

17             to federal tax information in order to comply with

18             requirements of federal law, regulation, or procedure,

19             as provided by section 346-2.5;

20     (48)   The child support enforcement agency on current or

21             prospective employees, or contractors who have access

**S.B. NO.** 1230
S.D. 2
H.D. 1
C.D. 1

1        to federal tax information in order to comply with

2        federal law, regulation, or procedure, as provided by

3        section 576D-11.5;

4    (49)  The department of the attorney general on current or

5        prospective employees or employees or agents of

6        contractors who have access to federal tax information

7        to comply with requirements of federal law,

8        regulation, or procedure, as provided by section 28-

9        17;

10  [+] (50) [+] The department of commerce and consumer affairs on

11        each control person, executive officer, director,

12        general partner, and managing member of an installment

13        loan licensee, or an applicant for an installment loan

14        license, as provided in chapter 480J;

15  [+] (51) [+] The University of Hawaii on current and prospective

16        employees and contractors whose duties include

17        ensuring the security of campus facilities and

18        persons; and

19  [+] (52) [+] Any other organization, entity, or the State, its

20        branches, political subdivisions, or agencies as may

21        be authorized by state law."

# S.B. NO. <small>1230<br>S.D. 2<br>H.D. 1<br>C.D. 1</small>

1     SECTION 13.  Act 30, Session Laws of Hawaii 2022, is

2    amended by amending section 5 to read as follows:

3     "SECTION 5.  This Act shall take effect upon its approval[,

4    ~~provided that on June 30, 2025, section 2 of this Act shall be~~

5    ~~repealed and section 134-3, Hawaii Revised Statutes, shall be~~

6    ~~reenacted in the form in which it read on the day before the~~

7    ~~effective date of this Act~~]."

8     SECTION 14.  Every provision in this Act and every

9    application of each provision in this Act is severable from each

10   other.  If any application of any provision in this Act to any

11   person or group of persons or circumstances is determined by any

12   court to be invalid, the remainder of this Act and the

13   application of the Act's provisions to all other persons and

14   circumstances shall not be affected.  All constitutionally valid

15   applications of this Act shall be severed from any applications

16   that a court determines to be invalid or unenforceable, leaving

17   the valid applications in force, because it is the legislature's

18   intent that all valid applications shall remain in force.

19    SECTION 15.  This Act shall be construed to be enforceable

20   up to but no further than the maximum possible extent consistent

21   with federal law and constitutional requirements.

# S.B. NO. 1230
S.D. 2
H.D. 1
C.D. 1

1    SECTION 16.  In codifying the new sections added by section

2    2 of this Act, the revisor of statutes shall substitute

3    appropriate section numbers for the letters used in designating

4    the new sections in this Act.

5    SECTION 17.  Statutory material to be repealed is bracketed

6    and stricken.  New statutory material is underscored.

7    SECTION 18.  This Act shall take effect on July 1, 2023;

8    provided that:

9        (1)  Sections 4 and 7 shall take effect on January 1, 2024;

10            and

11       (2)  The amendments made to section 846-2.7(b), Hawaii

12            Revised Statutes, by section 12 of this Act shall not

13            be repealed when section 28 of Act 278, Session Laws

14            of Hawaii 2022, takes effect on January 1, 2024.

APPROVED this   2nd   day of   June   , 2023

GOVERNOR OF THE STATE OF HAWAIʻI

S.B. No. 1230, S.D. 2, H.D. 1, C.D. 1

# THE SENATE OF THE STATE OF HAWAI‘I

Date:  May 2, 2023
Honolulu, Hawai‘i  96813

We hereby certify that the foregoing Bill this day passed Final Reading in the Senate

of the Thirty-Second Legislature of the State of Hawai‘i, Regular Session of 2023.


President of the Senate


Clerk of the Senate

128

SB No. 1230, SD 2, HD 1, CD 1

## THE HOUSE OF REPRESENTATIVES OF THE STATE OF HAWAII

Date:  May 2, 2023
Honolulu, Hawaii

We hereby certify that the above-referenced Bill on this day passed Final Reading in the

House of Representatives of the Thirty-Second Legislature of the State of Hawaii, Regular

Session of 2023.

Scott K. Saiki
Speaker
House of Representatives

Brian L. Takeshita
Chief Clerk
House of Representatives