Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

September 1, 2026

U.S. District Court, District of Hawaii
Attention: Judge Leslie Kobayashi
300 Ala Moana Blvd, #C338
Honolulu, HI 96850

Dear Judge Kobayashi,

The Ninth Circuit's opinion in *Wolford v. Lopez*, 125 F.4th 1230 (2025) has decided the issues in this litigation. While the Ninth Circuit's order was of a preliminary injunction, the issues before it was of a purely legal nature. The Ninth Circuit's ruling is binding on this Court. Therefore, Plaintiffs do not believe additional briefing is necessary. This Court should enter final judgment for the parties on the respective issues they won on. However, if the State wishes to continue litigating this case, Plaintiffs preserve their right to make additional arguments which are not precluded by the Ninth Circuit's order.

I. <u>The Ninth Circuit's Decision Was of a Purely Legal Nature</u>

In a preliminary injunction appeal, the role of a Ninth Circuit panel is to determine whether 'the district court correctly distilled the applicable rules of law and exercised permissible discretion in applying those rules to the facts at hand." *Fyock v. City of Sunnyvale*, 779 F.3d 991, 995 (2015). At issue in this case, is the constitutionality the challenged Hawaii laws. That is a purely legal question. This

Law Offices of Alan Alexander Beck
2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

Court is bound to abide by legal determinations made by the Ninth Circuit. There is no need for additional briefing. Rather, this Court should move towards final judgment. This is especially true in light of Hawaii's penchant for mooting cases.

II. This Court Should Move to Final Judgment in Order to Prevent Mootness

Plaintiffs are concerned Hawaii will attempt to moot this litigation on the issues Plaintiffs prevailed on at the preliminary injunction stage if this case lingers in litigation. "Hawaii seems fond of amending its laws in an attempt to moot Second Amendment cases." *Knife Rts., Inc. v. Bonta*, 2026 U.S. App. LEXIS 20960, *87 (2026) (Van Dyke, Dissenting from Denial of En Banc Review). On at least five occasions, Hawaii has strategically mooted Second Amendment cases to avoid an adverse final judgment. The most notable example is *Teter v. Lopez*. *Teter v. Lopez*, 76 F.4th 938 (2023) dealt with a challenge to Hawaii's former ban on butterfly knives. After Plaintiffs prevailed in front of a three-judge panel and Hawaii was granted en banc review, "Hawaii strategically narrowed its butterfly knife ban to cover everything but the conduct the *Teter* plaintiffs wanted to engage in, and argued its amendments mooted the *Teter* plaintiffs' claims." *Knife Rts., Inc. v. Bonta,* 2026 U.S. App. LEXIS 20960, *87 (2026) (Van Dyke, dissenting) "The en banc panel spotted Hawaii an assumption of good faith and agreed that the case was moot." *Id.* This deprived Plaintiffs of a final judgment.

Law Offices of Alan Alexander Beck

2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

Similarly, in a challenge to Hawaii's taser ban, Hawaii mooted the case by legalizing tasers. *Roberts v. Cummings*, 2022 U.S. App. LEXIS 21101, *1 (2022). "Because Act 183, which took effect in January 2022, expressly repealed section 134-16 of the Hawaii Revised Statutes, Roberts' declaratory relief claim is moot." *Id* at *2. Hawaii was also able to moot *Roa et al v. Lopez* 1:23-cv-00079-DKW-RT dealt with a challenge to Hawaii's former ban on the possession of switchblades. The same legislation which repealed Hawaii's ban on butterfly knives repealed Hawaii's ban on switchblades. *Pagba v. City and County of Honolulu et al* 1:22-cv-00521-JMS-KJM dealt with a challenge to H.R.S. § 134-7 which formerly imposed a lifetime ban on firearms possession after a conviction for a misdemeanor crime of violence. After the onset of litigation, Hawaii amended H.R.S. §134-7 to only ban possession of firearms for 20 years after the date of conviction for a nondomestic violence crime of violence. In both cases, this mooted the Plaintiffs' claims and the lawsuits were dismissed.

In a still pending appeal dealing with two of Hawaii's firearm registration laws, Hawaii also attempted to moot the case. "Not long after oral argument in this court, the Hawaii Legislature passed a bill that would amend both of the provisions challenged by Plaintiffs here. While that bill was awaiting the Governor's anticipated signature, the State moved to dismiss this appeal as moot." *Yukutake v.*

Law Offices of Alan Alexander Beck
2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

*Lopez*, 130 F.4th 1077, 1082 (2025). As shown above, Hawaii has a history of mooting cases when Hawaii is likely to lose. "[C]ases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (2009). For the above reason, Plaintiff requests this Court move to final judgment expeditiously.

III. Plaintiffs Preserve Their Right Make Additional Arguments if Hawaii Wishes to Continue to Litigate This Case

Plaintiffs preserve their right to make arguments which were not ruled on. Notably, the Ninth Circuit construed Plaintiffs challenge to Haw. Rev. Stat. § 134-9.1(a)(9) as a "facial challenge[] to the relevant provision" *See Wolford v. Lopez*, 116 F.4th 959, 982 (2024). Plaintiffs raised both a facial and an applied challenge to Haw. Rev. Stat. § 134-9.1(a)(9) in their complaint. *See* Doc. No. [1] Complaint at Prayer for Relief Generally. If litigation continues in this matter, Plaintiffs preserve their right to litigate an as applied challenge to Haw. Rev. Stat. § 134-9.1(a)(9) and potentially other claims.[1]

[1] If this litigation does continue it would inevitably necessitate a return to the Ninth Circuit. Ninth Circuit General Order 3.6 would likely require this case to return to the original appellate panel. Weighing the odds of success before that panel versus the odds of mootness, Plaintiffs have made the decision to push to move towards final judgment rather than risk mootness.

Law Offices of Alan Alexander Beck
2692 Harcourt Ave., San Diego, CA 92123 | (619) 905-9105 | alan.alexander.beck@gmail.com

IV. This Court Has Authority to Enter Final Judgement

Rule 65(a)(2) of the Federal Rules of Civil Procedure state "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Here, because of the purely legal nature of the remaining issues to be decided, it would be appropriate for this Court to rely on the previous briefing and enter final judgment in this matter. *See Donald J. Trump for President, Inc. v. Bullock*, No. CV 20-66-H-DLC, 2020 U.S. Dist. LEXIS 169794, at *2 (D. Mont. Sep. 16, 2020).

V. Conclusion

Plaintiffs believe that the best course of action is for this Court to enter judgment for and against the parties on the respective issues they prevailed on without the need for additional briefing.

Respectfully submitted,

/s/ Alan Beck

Alan Alexander Beck, Esq.
Attorney for the Plaintiffs