**JOSH GREEN, M.D.**
GOVERNOR

**ANNE E. LOPEZ**
ATTORNEY GENERAL

**MATTHEW S. DVONCH**
FIRST DEPUTY ATTORNEY GENERAL

**STATE OF HAWAII**
**DEPARTMENT OF THE ATTORNEY GENERAL**
***Ka ʻOihana O Ka Loio Kuhina***
425 QUEEN STREET
HONOLULU, HAWAII 96813
(808) 586-1500

September 8, 2026

The Honorable Leslie E. Kobayashi
U.S. District Court, District of Hawaiʻi
300 Ala Moana Blvd., C-338
Honolulu, HI 96850

Dear Judge Kobayashi,

Defendant Anne E. Lopez submits this letter brief pursuant to the Court's August 25, 2026 EO (ECF 103) and in response to Plaintiffs' letter brief (ECF 104). Defendant agrees with Plaintiffs that no further substantive briefing is necessary in light of the Ninth Circuit's decision in *Wolford v. Lopez*, No. 23-16164, 2026 WL 2291925 (Aug. 10, 2026). Defendant respectfully asks that the Court allow the parties the opportunity to stipulate to a final judgment.

## I. Defendant Agrees That No Further Substantive Briefing Is Necessary

The various appellate decisions issued in this litigation have established the claims on which Plaintiffs and Defendant, respectively, are entitled to judgment. To aid in this assessment, Defendant provides a brief recap of the prior proceedings.

On August 8, 2023, this Court granted in part and denied in part Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF 7). *See* ECF 66. Specifically, after finding that Plaintiffs had shown a likelihood of success on the merits of these claims, the Court issued a TRO enjoining five provisions, either in whole or in part:

> -the portions of [Hawaiʻi Revised Statutes (HRS) § 134-9.1(a)(1)] that prohibit carrying firearms in parking areas owned, leased, or used by the State or a county which share the parking area with non-governmental entities, are not reserved for State or county employees, or do not exclusively serve the State or county building;
>
> -the entirety of [HRS §§ 134-9.1(a)(4) and (a)(12)];
>
> -the portions of [HRS § 134-9.1(a)(9)] prohibiting the carrying of firearms in beaches, parks, and their adjacent parking areas; and
>
> -the portion of [HRS § 134-9.5] that prohibits carrying firearms on private properties held open to the public.

ECF 66 at 90–91. The Court later approved the parties' stipulation converting the TRO to a preliminary injunction. ECF 80.

On appeal, the Ninth Circuit affirmed the injunction insofar as it enjoined HRS § 134-9.1(a)(12) and the portions of HRS § 134-9.1(a)(1) that reached shared parking lots. *Wolford v. Lopez*, 116 F.4th 959, 1002–03 (9th Cir. 2024). It reversed in all other respects. *See id.* at 1003. The panel denied Plaintiffs' petition for panel

rehearing, and the full Ninth Circuit denied their petition for rehearing en banc. *Wolford v. Lopez*, 125 F.4th 1230 (9th Cir. 2025).

The Supreme Court later granted certiorari to hear a single question: whether HRS § 134-9.5 violated the Second Amendment to the extent it applied to private property open to the public. *Wolford v. Lopez*, 146 S. Ct. 2032, 2047 (2026); 606 U.S. 1066 (2026). The Court concluded that it did. *Wolford*, 146 S. Ct. at 2053.

On remand from the Supreme Court, the Ninth Circuit affirmed this Court's original preliminary injunction insofar as it enjoined HRS § 134-9.5, as applied to private property held open to the public; § 134-9.1(a)(12); and § 134-9.1(a)(1), as applied to shared parking lots. *See Wolford*, 2026 WL 2291925, at *2. The Ninth Circuit reversed this Court's injunction "insofar as it enjoins [HRS §§] 134-9.1(a)(4) and 134-9.1(a)(9)." *Id.*

These appellate rulings effectively decide the issues in the case. All told, Plaintiffs prevailed on their Second Amendment claims with respect to three provisions: HRS § 134-9.5, only to the extent it applies to private property held open to the public; HRS § 134-9.1(a)(12), which applies to banks, financial institutions, and adjacent parking areas; and HRS § 134-9.1(a)(1), only to the extent that it "prohibit[s] carrying firearms in parking areas owned, leased, or used by the State or a county which share the parking area with non-governmental

entities, are not reserved for State or county employees, or do not exclusively serve the State or county building." *Wolford*, 2026 WL 2291925, at *2. Defendant prevailed on all other claims, including as to HRS § 134-9.1(a)(4); HRS § 134-9.1(a)(9); HRS § 134-9.1(a)(1), as it applies to all property except for shared parking lots; HRS § 134-9.5, as it applies to all private property not open to the public; and the First Amendment claim.

## II. The Court Should Allow the Parties to Stipulate to Final Judgment

In their letter brief, Plaintiffs ask this Court to "enter final judgment for the parties on the respective issues they won on," but Plaintiff do not identify those issues. *See* ECF 104 at 1. For the avoidance of any doubt, Defendant respectfully requests that the Court allow the parties to stipulate to final judgment, thereby ensuring that the parties agree as to its appropriate scope. Further, to the extent Plaintiffs ask this Court to "expeditiously" enter final judgment to preempt a hypothetical legislative amendment, *id.* at 2–4, Defendant notes for Plaintiffs that the Hawai'i State Legislature's next regular session does not begin until January 20, 2027—more than four months from now. *See* Haw. Const. art. III, § 10.

Additionally, it is unclear whether this Court could enter final judgment pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, as Plaintiffs suggest. *See* ECF 66 at 5. That Rule allows a court to consolidate a preliminary

injunction hearing with a trial on the merits "[b]efore or after beginning the hearing on a motion for a preliminary injunction." Fed. R. Civ. P. 65(a)(2). But the Rule is silent as to whether a court may enter final judgment *after* it has issued a decision on a preliminary injunction motion. Instead, Rule 56(f) may be a more appropriate mechanism. *See Air Line Pilots Ass'n, Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397 n.4 (9th Cir. 1990) ("A district court might also convert a decision on a preliminary injunction into a final disposition of the merits by granting summary judgment on the basis of the factual record available at the preliminary injunction stage."). Because of Rule 56's notice and hearing requirements, *see id.*, however, Defendant believes a stipulation by the parties would be most prudent.

Respectfully submitted,

/s/ *Ewan C. Rayner*
EWAN C. RAYNER

Attorney for ANNE E. LOPEZ, in her official capacity as Attorney General for the State of Hawai'i